IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASEY MILLERBORG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-02607-N |
| | § | |
| BLUE BONNET TRAIL LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Blue Bonnet Trail, LLC's ("BBT") motion to dismiss [9] and Defendants Mohammad Shahkarami and Zoya Shahkarami's motion to dismiss [11]. Because Plaintiff Casey Millerborg has not sufficiently alleged a concrete injury in fact, the Court grants the motions to dismiss for lack of standing. The Court then grants Millerborg leave to amend his complaint.

### I. ORIGINS OF THE DISPUTE

This is a housing discrimination case. Millerborg, a wheelchair user, visited an apartment complex in Waxahachie, Texas, and observed various accessibility barriers that would interfere with his ability to use the facilities. Pl.'s Original Compl. ¶¶ 3, 20, 24 [1].[1] These barriers include lack of an accessible route to the trash dumpsters or the public streets, an inaccessible central mailbox, knob-style doorknobs, lack of wheelchair maneuvering space near exterior gates and inside bathrooms, thermostats and light

---

[1] For purposes of these motions, the Court assumes the truth of all well-pleaded facts in the complaint.

switches installed at heights above forty-eight inches, and insufficiently wide doorways that block passage for wheelchairs. *Id.* ¶¶ 33–37. Millerborg asserts that these accessibility issues constitute housing discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619, and caused him an inability to fully access and use the facilities at the complex, frustration, physical difficulty, indignation, and emotional distress. *Id.* ¶¶ 1, 27.

Defendant BBT is the owner of the apartment complex. *Id.* ¶ 9. The Shahkaramis are the sole managers of defendant BBT. *See id.* ¶¶ 10–11; Pl.'s Resp. Shahkarami 1, 3 [17]. Millerborg brings a single claim for violation of the FHA against all defendants. Pl.'s Original Compl. ¶¶ 39–44. He seeks monetary, injunctive, and declaratory relief for the alleged violations. *Id.* ¶ 2. BBT now moves to dismiss this claim for lack of standing. BBT's Br. 3 [10]. The Shahkaramis join BBT's motion and further move to dismiss this claim as against them under Rule 12(b)(6). Shahkaramis' Mot. 2–3 [11].

## II. LEGAL STANDARD FOR STANDING AND RULE 12(B)(1)

Under the United States Constitution, a federal court may decide only actual "cases" or "controversies." U.S. Const. art. III, § 2. A court properly dismisses a case where it lacks the constitutional power to decide it. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The justiciability doctrines of standing, mootness, political question, and ripeness all originate in Article III's 'case' or 'controversy' language." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (internal quotation marks omitted)). "Standing and ripeness are required elements of subject matter

MEMORANDUM OPINION AND ORDER – PAGE 2

jurisdiction and are therefore properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss." *Roman Catholic Diocese of Dall. v. Sebelius*, 927 F. Supp. 2d 406, 415–16 (N.D. Tex. 2013) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989); and *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 350 (S.D. Tex. 2011)).

The standing requirement has three elements: (1) injury in fact, (2) causation, and (3) redressability. *See Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury cannot be merely "conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the defendant" rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976). And redressability requires that it is likely, "as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Simon*, 426 U.S. at 38, 43).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). The standard for reviewing a Rule 12(b)(1) motion depends on whether the defendant makes a facial or factual attack on the plaintiff's complaint. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When "'standing is challenged on the basis of the pleadings,' [courts] must 'accept as true all material allegations of the complaint and . . . construe the complaint in favor of the complaining party.'" *Ass'n of Am.*

MEMORANDUM OPINION AND ORDER – PAGE 3

*Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (quoting *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988)).  A factual attack, however, may be based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Kling v. Herbert*, 60 F.4th 281, 284 (5th Cir. 2023) (quoting *Ramming*, 281 F.3d at 161).  Moreover, when "a defendant makes a factual attack, the plaintiff 'has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.'"  *Id.* (quoting *Paterson*, 644 F.2d at 523).

### III. THE COURT GRANTS DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING

Defendants argue that Millerborg's complaint lacks sufficient factual detail to establish an injury in fact.  BBT's Br. 3.  Upon reviewing Millerborg's complaint, the Court concludes that it falls just short of alleging a concrete injury in fact and therefore grants Defendants' motions to dismiss for lack of standing.

"The FHA affords a private cause of action to any 'aggrieved person.'"  *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003) (quoting 42 U.S.C. § 3613(a)(1)(A)).  An "aggrieved person" includes any person who "(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur."  42 U.S.C. § 3602(i)(1)–(2).  A failure to design and construct certain multifamily dwellings in a manner that makes them readily accessible to and usable by persons with disabilities constitutes a discriminatory housing practice.  *Id.* § 3604(f)(3)(C).

The "sole requirement for standing to sue under [FHA] is the Art. III minima of injury in fact." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982). In *Havens Realty*, the Supreme Court held "testers" have a cognizable injury to bring an FHA claim even if they had no intention of renting the property. There, the plaintiffs' claim arose from an FHA provision prohibiting misrepresentations about housing availability because of a person's protected characteristic. *See id.* at 373. The Court concluded that simply receiving that false information created a cognizable injury because any plaintiff "who has been the object of a misrepresentation made unlawful under § 804(d) has suffered injury in precisely the form the statute was intended to guard against." *Id.* at 373. The fact that the tester plaintiff may have never intended to buy or rent a home "does not negate the simple fact of injury within the meaning of § 804(d)." *Id.* at 374. However, Article III still requires that the plaintiff have "a concrete interest in what the law protects." *Bowman v. SWBC Real Ests. Servs., LLC*, 2024 WL 1123035, at *3 (N.D. Tex. 2024).

In *Laufer v. Mann Hospitality, L.L.C.*, the Fifth Circuit found a plaintiff's interest was insufficiently concrete to establish standing. 996 F.3d 269, 271–73 (5th Cir. 2021). The plaintiff in *Laufer*, a Florida resident, sued a hotel in Texas after visiting the hotel's website and not finding listings for accessible rooms. *Id.* at 271. She asserted a claim under the Americans with Disabilities Act ("ADA"), on the basis that she "has a right to 'the full and equal enjoyment of the . . . services, facilities . . . or accommodations of any place of public accommodation' irrespective of disability." *Id.* at 272 (quoting 42 U.S.C. § 12182). However, she did not claim to have any definite plans to travel to the hotel (or anywhere else in Texas), that she had ever traveled to Texas, or that she tried or intended

to try to book a room at the subject hotel. *Id.* at 271. The Fifth Circuit distinguished *Laufer* from *Havens Realty*, because in *Havens Realty*, the applicable FHA statute forbade certain misrepresentations suffered by the plaintiff, whereas in *Laufer*, the ADA claim was about physical accessibility, not information. *See id.* at 273.

Thus, where a plaintiff asserts claims about physical accessibility, as Millerborg does here, he must at least have personally experienced an accessibility issue to have standing. Simply observing accessibility issues, without any direct effect on the plaintiff, is insufficient. *See Bowman v. Prida Constr., Inc.*, 2020 WL 6688612, at *6 (S.D. Tex. 2020) ("To be clear, Bowman would have serious standing issues if (1) he never visited the property but still sought to bring a claim for affirmative relief, or (2) he visited the Property but failed to encounter any accessibility issues during his time on site. But neither of those situations occurred in this case."), *adopted*, 2020 WL 6685498 (S.D. Tex. 2020).

Here, Millerborg personally visited the subject apartment complex. Pl.'s Original Compl. ¶ 24. However, his complaint is not sufficiently detailed for the Court to determine if he personally experienced (as opposed to simply observed) any accessibility challenges. He states that he "observed and encountered accessibility barriers that would interfere with his ability to access and use the facilities." *Id.* However, this statement is conclusory, as the complaint is devoid of details about when, where, and how Millerborg experienced any of the barriers he describes. He provides a laundry list of problems he found at the property but fails to explain the context for those observations. *See id.* ¶¶ 33–37. Did he find that the bathroom lacked sufficient floor space around the toilets while touring a unit available for rent? Did he find an exterior gate lacking wheelchair maneuvering space while trying

to navigate it? If so, then that could be sufficient to find a concrete injury. But because Millerborg provides no details about encountering the barriers he found at the property, the Court cannot say the requirement for a concrete injury in fact is met. Accordingly, the Court concludes Millerborg's complaint falls just short of alleging a sufficient concrete and particularized injury. The Court therefore grants Defendants' motions to dismiss for lack of subject matter jurisdiction.

Additionally, as to Millerborg's claim for equitable relief, he fails to allege facts that would show a sufficient future injury to create standing. Article III requires a plaintiff seeking equitable relief to establish "a present case or controversy regarding injunctive relief." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). "Merely having suffered an injury in the past is not enough; the plaintiff must show a 'real or immediate threat that the plaintiff will be wronged again.'" *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 173 (5th Cir. 2018) (per curiam) (quoting *Lyons*, 461 U.S. at 111). Here, Millerborg's allegations stem from his one instance visiting the property. *See* Pl.'s Original Compl. ¶ 24. He does allege that he "expects to return to the Property once it has been remediated." *Id.* ¶ 31. However, this fails to establish a future injury. If Millerborg intends to return to the property only after remediation, then he would never suffer a future injury an injunction could remediate. And Millerborg otherwise fails to explain how the accessibility barriers at this apartment complex he once visited would affect his daily life in some concrete way in the future. In the ADA context, the Fifth Circuit has found similar allegations insufficient to establish standing. In *Deutsch*, the court noted:

> Deutsch has not shown how the supposed ADA violations at [property] will "negatively affect his day-to-day life." All the record shows is that he visited there once. As the district court found, there is no evidence that Deutsch has any intent to return — nor is there any reason to believe that Deutsch is affected by [Defendant's] alleged ADA violation in any way, let alone "some concrete way."
>
> . . .
>
> Thus, he has not shown any likelihood of future injury necessary to obtain equitable relief.

882 F.3d at 174 (cleaned up) (quoting *Frame v. City of Arlington*, 657 F.3d 215, 235–36 (5th Cir. 2011) (en banc)). It is true, as Millerborg points out, that "a disabled individual need not engage in futile gestures before seeking an injunction." *See Frame*, 657 F.3d at 236. But Article III standing still requires the plaintiff to show that an accessibility barrier "actually affects his activities in some concrete way." *Id.* Millerborg has not done so here. Accordingly, the Court concludes Millerborg lacks standing to bring a claim for injunctive relief based on the allegations in his complaint.[2]

## Conclusion

Because Millerborg has failed to plead sufficient facts that would establish Article III standing, the Court grants Defendants' motion to dismiss for lack of subject matter jurisdiction and dismisses Millerborg's claims against all defendants without prejudice. The Court then denies the Shahkaramis' motion to dismiss for failure to state a claim as moot and grants Millerborg leave to amend his complaint within thirty (30) days of the date

---

[2] Having concluded Millerborg lacks standing to bring his claim against all defendants, the Court does not reach the Shahkaramis' arguments under Rule 12(b)(6).

of this Order. If Millerborg does not amend his complaint within thirty days, the Court will enter a final judgement of dismissal without prejudice without further notice.

Signed July 16, 2025.

_____
David C. Godbey
Chief United States District Judge