IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CASEY MILLERBORG,                       §
                                        §
        Plaintiff,                      §
                                        §
v.                                      §        Civil Action No. 3:24-CV-2607-N
                                        §
BLUE BONNET TRAIL LLC,                  §
                                        §
        Defendant.                      §

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Blue Bonnet Trail LLC's ("BBT") motion to dismiss [23], joined by Defendants Zoya Shahkarami and Mohommad Shahkarami [24]. For the reasons below, the Court partially grants and partially denies BBT's motion to dismiss.

## I. ORIGINS OF THE MOTION

This is a housing discrimination case. Casey Millerborg, a wheelchair user, visited an apartment complex in Waxahachie, Texas. Pl.'s Am. Compl. ¶¶ 3, 19, 23. Defendant BBT is the owner of the apartment complex. *Id*. ¶ 9. The Shahkaramis are the sole managers of defendant BBT. *See id*. ¶¶ 10–11; Pl.'s Resp. Shahkarami 1, 3 [17]. While visiting the complex, Millerborg observed various accessibility barriers that would interfere with his ability to use the facilities.[1] Pl.'s Am. Compl. ¶¶ 3, 23–32 [21]. These barriers include lack of an accessible route to the trash dumpsters or the public streets, an

---

[1] For purposes of this motion, the Court assumes the truth of all well-pleaded facts in the complaint.

MEMORANDUM OPINION AND ORDER – PAGE 1

inaccessible central mailbox, knob-style doorknobs, lack of wheelchair maneuvering space near exterior gates and inside bathrooms, thermostats and light switches installed at heights above forty-eight inches, and insufficiently wide doorways that block passage for wheelchairs. *Id.* ¶¶ 23–32. Millerborg asserts that these accessibility issues constitute housing discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(f)(1)-(f)(3), and that the inability to fully access and use the facilities at the complex caused him frustration, physical difficulty, indignation, and emotional distress. *Id.* ¶¶ 1, 27.

Millerborg brings a single claim for violation of the FHA against all defendants. Pl.'s Am. Compl. ¶¶ 41–43.[2] He seeks monetary, injunctive, and declaratory relief for the alleged violations. *Id.* ¶ 2. The Court previously granted Defendants' first motion to dismiss. Mem. Op. 8–9 [20]. The Shahkaramis join BBT's second motion to dismiss and further move to dismiss this claim as against them under Rule 12(b)(6). Shahkaramis' Mot. 2–3

## II. LEGAL STANDARD FOR STANDING AND RULE 12(B)(1)

Under the United States Constitution, a federal court may decide only actual "cases" or "controversies." U.S. CONST. art. III, § 2. A court properly dismisses a case where it lacks the constitutional power to decide it. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The justiciability doctrines of standing, mootness, political question, and ripeness all originate in Article III's 'case' or

---

[2] Millerborg appears to misnumber the paragraphs in his complaint with letters and duplicative numbers. Thus, Court cites the paragraph numbers or letters as they appear.

MEMORANDUM OPINION AND ORDER – PAGE 2

'controversy' language." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (internal quotation marks omitted)). "Standing and ripeness are required elements of subject matter jurisdiction and are therefore properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss." *Roman Catholic Diocese of Dall. v. Sebelius*, 927 F. Supp. 2d 406, 415–16 (N. D. Tex. 2013) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989); and *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 350 (S. D. Tex. 2011)).

The standing requirement has three elements: (1) injury in fact, (2) causation, and (3) redressability. *See Bennett v. Spear*, 520 U.S. 154, 167 (1997). The injury cannot be merely "conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Causation requires that the injury "fairly can be traced to the challenged action of the defendant" rather than to "the independent action of some third party not before the court." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976). And redressability requires that it is likely, "as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *id*. at 38, 43).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). The standard for reviewing a Rule 12(b)(1) motion depends on whether the defendant makes a facial or factual attack on the plaintiff's complaint. S*ee Paterson v.*

MEMORANDUM OPINION AND ORDER – PAGE 3

*Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When "'standing is challenged on the basis of the pleadings,' [courts] must 'accept as true all material allegations of the complaint and . . . construe the complaint in favor of the complaining party.'" *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (quoting *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988)). A factual attack, however, may be based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Kling v. Herbert*, 60 F.4th 281, 284 (5th Cir. 2023) (quoting *Ramming*, 281 F.3d at 161). Moreover, when "a defendant makes a factual attack, the plaintiff 'has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.'" *Id*. (quoting *Paterson*, 644 F.2d at 523).

### III. THE COURT PARTIALLY GRANTS BBT'S MOTION TO DISMISS

The Court previously granted Defendants' motion to dismiss and gave Millerborg leave to amend because his original complaint was not sufficiently detailed for the Court to determine if he personally experienced (as opposed to simply observed) any accessibility challenges. Mem. Op. and Order 6 [20]. The Court concludes that Miller sufficiently alleges a concrete injury in fact under section 3604(f)(2) and 3604(f)(3) of the FHA but fails to do so with respect to section 3604(f)(1). Therefore, the Court partially grants and partially denies the motion.

"The FHA affords a private cause of action to any 'aggrieved person.'" *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003) (quoting 42 U.S.C. § 3613(a)(1)(A)). An "aggrieved person" includes any person who "(1) claims to have been injured by a

MEMORANDUM OPINION AND ORDER – PAGE 4

discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i)(1)–(2). A failure to design and construct certain multifamily dwellings in a manner that makes them readily accessible to and usable by persons with disabilities constitutes a discriminatory housing practice. *Id*. § 3604(f)(3)(C).

The "sole requirement for standing to sue under [FHA] is the Art. III minima of injury in fact." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982). In *Havens Realty*, the Supreme Court held "testers" have a cognizable injury to bring an FHA claim even if they had no intention of renting the property. *See id*. at 373. There, the plaintiffs' claim arose from an FHA provision prohibiting misrepresentations about housing availability because of a person's protected characteristic. *Id*. The Court concluded that simply receiving that false information created a cognizable injury because any plaintiff "who has been the object of a misrepresentation made unlawful under § 804(d) has suffered injury in precisely the form the statute was intended to guard against." *Id*. at 373. The fact that the tester plaintiff may have never intended to buy or rent a home "does not negate the simple fact of injury within the meaning of § 804(d)." *Id*. at 374. However, Article III still requires that the plaintiff have "a concrete interest in what the law protects." *Bowman v. SWBC Real Ests. Servs., LLC*, 2024 WL 1123035, at *3 (N.D. Tex. 2024); *see also Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269 (5th Cir. 2021) (holding that a plaintiff's "assumed status as an 'ADA tester' does not absolve her of the need to show an injury in fact for standing purposes").

MEMORANDUM OPINION AND ORDER – PAGE 5

### A. Millerborg Did Not Allege an Injury in Fact Under Section 3604(f)(1)

To have standing, a plaintiff must have suffered an "injury in fact." *Lujan*, 504 U.S. at 560. An injury in fact occurs when a defendant invades "a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal citations omitted). A particularized injury affects a plaintiff in a personal and individual way. *Id.* at 560, n.1. An injury in fact "may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" *Havens*, 455 U.S. at 373. Thus, as explained above, "testers" suffer an injury in fact when a party commits an FHA violation against them under a provision of Section 3604. *See id.* at 373–74, 102.

Millerborg insufficiently alleges that he suffered unlawful discrimination under section 3604(f)(1) of the FHA. Pl.'s Am. Compl. ¶ 42(a). Section 3604(f)(1) makes it unlawful "[t]o discriminate in the sale or rental[] . . . [of] a dwelling." 42 U.S.C. § 3604(f)(1). This District has found that "in the sale or rental . . . [of] a dwelling" language narrows this provision to plaintiffs that have "engaged in rental activity." SWBC Real Estate Servs., WL 1123035, at *3; *see also Wildwood of Lubbock*, WL 10458628, at *6. Additionally, section 3602(e) defines "to rent" as including "to grant for a consideration the right to occupy premises not owned by the occupant." Therefore, under the statute, rental is the act of granting for consideration the right to occupy premises not owned by the occupant. *Wildwood of Lubbock*, WL 10458268, at *6. Millerborg does not sufficiently plead that BBT engaged in rental activity with him. He pleads that he was "offered a unit to rent" and made a second visit to the apartment complex. Pl.'s Am. Compl.

MEMORANDUM OPINION AND ORDER – PAGE 6

¶ 23.  However, Millerborg fails to allege that he submitted a rental application or otherwise intended to rent and occupy an apartment at the complex.  Because section 3604(f)(1) applies only to discrimination "in the sale or rental" of a dwelling, Millerborg fails to sufficiently plead that he suffered discrimination by being denied the opportunity to occupy the premises in violation of section 3604(f)(1).

### B.  Millerborg Sufficiently Alleged an Injury in Fact Under Section 3604(f)(2)

Section 3604(f)(2) provides that a plaintiff has a concrete injury if the plaintiff is unable to access "the privileges of a rental of a dwelling."  42 U.S.C. § 3604(f)(2). Furthermore, "a party discriminates against any handicapped person who visits the property, not only handicapped persons who have an intent to rent" if the property has architectural barriers in violation of the FHA.  *Wildwood of Lubbock*, WL 10458628, at *4; *see also Morgan v. Nash St., LTD.*, WL 8223421 at *1 (S.D. Tex. 2018).  In his amended complaint, Millerborg provided more detailed descriptions of his experiences at the apartment complex.  Specifically, Millerborg alleges that he personally encountered accessibility barriers: he alleges that he couldn't operate his wheelchair without assistance because the property lacked a wheelchair accessible route from the designated handicap parking to buildings in the complex, had high thresholds to enter and exit the unit he toured, and had insufficient floor space in the unit's bathrooms and kitchen, among other deficiencies.  Pl.'s Am. Compl. ¶¶ 24, 27–31.  Millerborg also alleges that the property suffers at least fifty-eight categories of barriers described in an expert report he obtained after filing this complaint.  Pl.'s Am. Compl. ¶ 58; *see also* Pl.'s App. 6.

The Court concludes that Millerborg's second amended complaint alleged distinct and palpable injuries that are "fairly traceable" to Defendants' failure to ensure that the property was accessible to a person with disabilities. *See Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 261 (1977). Thus, Millerborg presented evidence of a concrete harm: "discrimination as defined in Section 3604(f)(3)(C) and in violation of Section 3604(f)(2)." *Wildwood of Lubbock*, WL 10458628, at *6. However, Millerborg lacks constitutional standing to seek declaratory, monetary, or injunctive relief with respect to FHA violations in the report that he did not personally encounter.

### C. Millerborg's Injuries are Redressable

Millerborg seeks relief in the form of a declaratory judgment, monetary damages and an injunction. Pl.'s Am. Compl. ¶¶ a, b, d, e. Because the Court concludes that each form of relief would adequately redress Millerborg's injuries, he has standing to pursue his section 3604(f)(2) claim.

First, the law provides Millerborg a remedy of damages for discrimination under section 3604(f)(2). Section 3613(c) states that "if the court finds that a discriminatory housing practice has occurred[,] . . . the court may award to the plaintiff actual and punitive damages." 42 U.S.C. § 3613(c). Thus, this relief would redress Millerborg's injury if his claim is successful.

Second, injunctive relief would redress Millerborg's injury by encouraging BBT to discontinue current violations and not commit new ones. Section 3613(c)(1) of the FHA states that "if the court finds that a discriminatory housing practice has occurred[,] . . . the court may award to the plaintiff . . . any permanent or temporary injunction." 42 U.S.C. §

MEMORANDUM OPINION AND ORDER – PAGE 8

3613(c)(1). As previously discussed, Millerborg pleaded sufficient evidence to raise a genuine fact dispute as to whether BBT infringed his right not to be discriminated against under section 3604(f)(2). Furthermore, the Supreme Court has held that, "for a plaintiff who is injured . . . due to illegal conduct ongoing at the time of a suit, a sanction that effectively abates that conduct and prevents its recurrence provides a form of redress." *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. Inc.*, 528 U.S. 167, 185–85 (200); *see also Wildwood of Lubbock*, WL 10458628 at *9 (holding that a wheelchair-bound plaintiff properly alleging section 3604(f)(2) violations was eligible for injunctive relief due to his injury caused by defendants' ongoing FHA violations.) Accordingly, the relief sought would redress Millerborg's injury.

## CONCLUSION

The Court concludes that Millerborg pleaded sufficient facts to establish Article III standing with respect to his claim under section 3604(f)(2) for a violation of section 3604(f)(3) but did not sufficiently plead a claim under section 3604(f)(1). Accordingly, the Court grants the motion to dismiss Millerborg's claims under section 3604(f)(1) and denies the motion to dismiss his section 3604(f)(2) and (f)(3) claims. The Shahkarami's 12(b)(6) motion to dismiss remains pending and the Court will address it in a separate order.

Signed March 19, 2026.

_____
David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 9