IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASEY MILLERBORG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2607-N |
| | § | |
| BLUE BONNET TRAIL LLC, *et al.* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Casey Millerborg's motion for summary judgment [26] and motion to strike [35]. For the following reasons, the Court partially grants the motion for summary judgment as to liability and partially grants the motion to strike.

### I.    ORIGINS OF THE MOTIONS

This is a housing discrimination case. Millerborg, a wheelchair user, visited an apartment complex in Waxahachie, Texas. Pl.'s Am. Compl. ¶¶ 3, 19, 23. Defendant Blue Bonnet Trail, LLC ("BBT") is the owner of the apartment complex (the "Property"). *Id*. ¶ 9. Individual Defendants Mohammed and Zoya Shahkarami (collectively the "Shahkaramis") are the sole managers of BBT. *See id*. ¶¶ 10–11; Pl.'s Resp. Shahkarami 1, 3 [17]. While visiting the complex, Millerborg observed various accessibility barriers that would interfere with his ability to use the facilities. Pl.'s Am. Compl. ¶¶ 3, 23–32 [21]. These barriers include lack of an accessible route to the trash dumpsters or the public streets, an inaccessible central mailbox, knob-style doorknobs, lack of wheelchair maneuvering space near exterior gates and inside bathrooms, thermostats and light

MEMORANDUM OPINION AND ORDER – PAGE 1

switches installed at heights above forty-eight inches, and insufficiently wide doorways that block passage for wheelchairs. *Id*. ¶¶ 23–32. Millerborg asserts that these accessibility issues constitute housing discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(f)(1)–(f)(3), and that the inability to fully access and use the facilities at the complex caused him frustration, physical difficulty, indignation, and emotional distress.[1] Pl.'s Am. Compl. ¶¶ 1, 27.

Millerborg now moves for summary judgment on all claims against BBT, Mohammad Shahkarami, and Zoya Shahkarami (collectively "Defendants").[2] Pl.'s Mot. Br. 1 [26]. Additionally, Millerborg moves to strike Mohammad Shahkarami's declaration in support of Defendants' response to the motion for summary judgment. Pl.'s Mot. to Strike [35].

## II. THE COURT PARTIALLY GRANTS THE MOTION TO STRIKE

Millerborg moves to strike Shahkarami's declaration in its entirety for lack of personal or expert knowledge. Declarations are proper summary judgment evidence under Rule 56(c). *See* FED. R. CIV. P. 56(c). Courts may take into consideration the information contained in declarations to the extent that such information complies with the requirements of Rule 56(c)(4). Rule 56(c)(4) requires that the declaration (1) be made on personal knowledge; (2) set out facts that would be admissible in evidence; and (3) show

---

[1] The Court previously dismissed Millerborg's claim under section 3604(f)(1). *See* Mem. Op. & Order, March 19, 2026 [42].

[2] In his summary judgment motion, Millerborg seeks relief on his claim for purported violations of the Americans with Disabilities Act ("ADA"). Pl.'s Mot. Br. 1, 26 [26]. However, Millerborg does not assert any such claim in his amended complaint. Thus, the Court declines to grant relief for a claim that Millerborg never asserted.

MEMORANDUM OPINION AND ORDER – PAGE 2

that the declarant is competent to testify on the matters stated.  *See* FED. R. CIV. P. 56(c)(4).

Courts may also consider exhibits, whether or not they are attached to the declaration.  *See*

FED. R. CIV. P. 56(c)(1)(A) & 2010 Advisory Committee Notes (discussing Rule

56(c)(1)(A),(c)(4)).

### A.  The Court Strikes Exhibit A of the Shahkarami Declaration

Millerborg argues that Shahkarami's declaration references inadmissible hearsay by

citing email correspondence from its architectural firm, Callaway Architecture, regarding

the property's FHA compliance.  Pl.'s Mot. to Strike 2.  The Federal Rules of Evidence

generally prohibits the admission of third-party evidence offered by a declarant for the truth

of the matter asserted.  FED. R. EVID. 801; *see also* FED. R. EVID. 802.  Shahkarami offered

the Callaway Architecture email as evidence that the Property was compliant with FHA

standards and stated that he relied on the architect's knowledge of applicable law during

construction.  Defs.' Resp. 3–4.  The letter identified a specific building code that the

architecture firm purported to comply with when constructing the Property.  Therefore,

Shahkarami offered this evidence for its purported truth, and the content of the letter was

not Shahkarami's own personal knowledge of FHA compliance standards.  Accordingly,

the Court grants the motion to strike the letter.

### B.  Shahkarami's Testimony Based on Personal Knowledge is Admissible

Millerborg also argues that the declaration improperly offers legal conclusions on

whether the property is complaint with FHA and ADA standards.  Pl.'s Mot. to Strike 2.

However, Shahkarami did not offer his declaration testimony as an expert, and the

substance of his testimony does not include any specialized knowledge within the scope of

MEMORANDUM OPINION AND ORDER – PAGE 3

Rule 702.  FED. R. EVID. 702; see also Def.'s Resp. 1–2 [38].  A district court may reasonably infer personal knowledge based on a person's employment position and "sphere of responsibility."  *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005).  Here, because Shahkarami testified that he is the manager of BBT and held this position when the building was built, the Court finds that Shahkarami established a basis for his personal knowledge of the property's compliance with the standards. Accordingly, the Court declines to strike the remainder of Shahkarami's declaration.

### III.    THE COURT PARTIALLY GRANTS THE MOTION FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no

MEMORANDUM OPINION AND ORDER – PAGE 4

evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87(1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019) (citation omitted). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Wash. Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### A. Millerborg Established a Prima Facie Case of FHA Discrimination

Millerborg argues that the ground floor units of the apartment owned and managed by Defendants are not designed or constructed in a manner that is readily accessible to people in wheelchairs, in violation of section 3604(f)(3)(C) of the FHA. Pl.'s Am. Compl. ¶ 42. Under the FHA, this construction failure constitutes a discriminatory housing practice. 42 U.S.C. § 3604(f)(3)(C). Millerborg relies on an expert report (the "Heybeck Report") identifying 58 categories of items that violate the FHA guidelines. Pl.'s Mot. Br. 1 [26].

Defendants do not directly dispute that the items in the Heybeck Report constitute violations of the FHA. Instead, Defendants argue that they complied with the applicable

MEMORANDUM OPINION AND ORDER – PAGE 5

law at the time the Property was constructed, namely the 2015 International Business Code ("IBC"). Defs.' Resp. 3; *see also* Pl.'s Reply 5. Defendants are correct that failure to comply with specific requirements the FHA guidelines relied upon in the Heybeck Report do not automatically constitute unlawful discrimination. Def.'s Resp. 3. However, Defendants do not argue that the Property complies with any other applicable FHA safe harbors or the accessibility requirements of the FHA.

Here, Defendants rely on sections of the IBC that are irrelevant to Millerborg's FHA complaints. Defendants refer to a 2015 IBC section that reflects the standards for ADA — not FHA — accessibility compliance. [3] Def.'s Resp. 3; *see also* Pl.'s Reply 5. The IBC defines two types of units: Type A units, which are required to comply with ADA standards, and Type B units, defined as units "designed and constructed for accessibility in accordance with this code and the . . . requirements of the federal Fair Housing Act." International Code Council, *International Building Code* § 202 (2015).

Defendants assert that they did not engage in a discriminatory housing practice because the Property contains the requisite number of Type A units. Def.'s Resp. 3. But the question is whether the Type B units on the ground floor of the Property comply with FHA standards. Thus, Defendants do not make a plausible argument that the Property complies with statutory FHA accessibility standards or raise a genuine fact issue about any

---

[3] Section 1107.6.2.2.1 of the IBC mandates that residential properties "containing more than 20 dwelling units or sleeping units, at least 2 percent but not less than one of the units shall be a Type A unit." These Type A units require more extensive accessibility features in a minimum number of units in accordance with the ADA. This is distinct from the FHA requirements for all other ground floor ("Type B") units. U.S.C. § 3604(f)(7)(B).

MEMORANDUM OPINION AND ORDER – PAGE 6

of the items identified in the Heybeck Report.  Accordingly, the Court grants summary judgment that the defendants constructed those items in violation of FHA accessibility requirements.

### B.  *The Shahkaramis are Liable for the Property's FHA violations*

The Court determines the Shahkaramis, as owners and managers of the Property, are individually liable for the Property's FHA violations.  The Shahkaramis joined BBT's response to Millerborg's motion for summary judgment, arguing that the Shahkaramis did not participate in the design and construction of the Property.  Def. BBT's Resp. 3; *see generally*, Def. Shahkarami's Resp. [33].  The Defendants also stated in the record that the Shahkaramis are the sole members of BBT, manage the Property owned by BBT, and held their positions as owners and managers of the Property when it was constructed.  *See* Defs.' Resp. 3; *see also* Def.'s App. ¶¶ 2–3.

The prohibitions of Section 3604(c) apply to an owner individually as well as to his company.  *See* 24 C.F.R. § 100.7; *see also Fair Hous. Res. Ctr., Inc. v. DJM's 4 Reasons Ltd.*, 499 Fed. Appx. 414, 416 (6th Cir. 2012) (finding that "prohibitions of [FHA] applied to [defendant] individually as well as to his company").  Here, the Shahkaramis hired a construction company as their agent to build the Property.  By "failing to take prompt action to correct and end a discriminatory housing practice by a third-party" as the owners of the Property during its construction, the Shahkaramis are liable for the Property's discriminatory housing practice in violation of the FHA.  The Court grants summary judgment against Mohammed and Zoya Shahkarami for the Property's FHA violations.

MEMORANDUM OPINION AND ORDER – PAGE 7

**CONCLUSION**

The Court partially grants Millerborg's motion to strike the declaration of Mohammed Shakharami and grants Millerborg's motion for summary judgment on liability on his FHA claims against BBT. The Court also grants summary judgment on liability against individual defendants Mohammed Shahkarami and Zoya Shahkarami. The Court orders Defendants to submit a remediation plan to correct the FHA violations identified in the Heybeck Report within sixty (60) days from the date of this Order.

Signed May 6, 2026.

_____
David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 8